## Kemmerer v. Schroat et al., Commissioners

*Henry M. Hipple*, for plaintiff.
*Abraham Lipez*, for defendants.

BAIRD, P. J., October 31, 1935.—On October 26, 1935, the plaintiff presented her bill in equity for an injunction restraining the county commissioners from printing on the ballots to be furnished the voters of Loganton Borough (where she resides and where she is the occupant of premises duly licensed by the treasurer of Clinton County for the sale of malt and brewed beverages) at the forthcoming municipal election to be held November 5th, next, the question whether they "favor the granting of malt and brewed beverage retail licenses for consumption on premises where sold in the Borough of Loganton?", or any question connected with granting such licenses in said borough.

The bill alleges failure on the part of the proper authorities of said borough to comply with certain requirements of section 31 of the Act of July 18, 1935, P. L. 1217, precedent to the submission of such question to the voters.

Upon presentation of the bill, the court granted a preliminary injunction and fixed today for the hearing of a motion to continue or dissolve the same.

Now, October 31, 1935, after hearing, the motion of plaintiff's attorney to continue the injunction is refused, and the motion of defendants' attorney to dissolve the

injunction is granted, and the injunction is dissolved for the following reasons among others:

1. The ballots for said borough, including such question, have been printed, and we do not think we should put the county to the expense of reprinting them, or the county commissioners to the trouble and inconvenience of canceling the question thereon, if that were feasible, especially in view of the plaintiff's delay in presenting her bill. All of the facts alleged were known or should have been known by her as early as September 6th last, on or before which date the proper authorities of said borough were required to adopt and certify to the county commissioners a resolution for the submission of such question in order to entitle it to a place on the ballots to be voted on November 5th.

2. The plaintiff has an adequate remedy at law. If a majority of the voters of said borough, voting on said question, should vote "No" and the treasurer for that reason should refuse her application for the renewal of her license, she would be entitled to an appeal to the court of quarter sessions under section 7 of said act, and if, on the hearing of her appeal, the court should find that the election was illegal and void for the failure of the proper authorities to comply with the conditions precedent to the submission of the question, the court would order that the license be issued to her, if she were otherwise entitled to the same.

3. No facts are alleged or proved to justify any apprehension on the part of the plaintiff that the mere submission of such question to the voters would cause her any damage, or that, if the question were submitted, a majority of the voters, voting on said question, would vote "No", thereby endangering her application for a renewal of her license.

From W. E. Shaffer, Lock Haven.